UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY RAJKUMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-3274 |
| | ) |
| LATOYA HUGHES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center ("Graham"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges he is disabled and suffers from Klinefelter's syndrome, which causes weakness in his limbs due to low muscle mass and low testosterone. Plaintiff also states he is an insulin-dependent diabetic and feels weak, dizzy, or nauseated when his blood sugar level

1

fluctuates. Plaintiff states he has difficulty climbing up and down from the top bunk in his cell due to his medical conditions, and there are no ladders or handrails on the bunks to assist him.

Plaintiff states he made multiple complaints about hand weakness and uncontrollable muscle movements in April, July, and September 2022. When Plaintiff saw Defendant Timothy Adesanya, a Physician's Assistant, on September 16, 2022, Defendant Adesanya allegedly stated that Plaintiff might have carpel tunnel syndrome and failed to issue a low bunk permit.

On October 14, 2022, Plaintiff alleges he fell off the top bunk and fractured his left wrist, tore a ligament in his left hand, and shattered his right elbow. Plaintiff underwent surgery on October 24, 2022.

Plaintiff alleges Defendants Adesanya, Nurse Practitioner Amanda Hildebrand, Healthcare Unit Administrator Stephanie Howard, Wexford Health Sources, Inc. ("Wexford"), and Wexford Director Diana Langdon failed to provide timely physical therapy for his injury. Plaintiff alleges he did not receive a referral for physical therapy until January 31, 2023. Due to the delay, Plaintiff alleges he experienced pain and lost the full range of motion in his right arm and elbow.

Plaintiff alleges Defendant Latoya Hughes, the Acting Director of the Illinois Department of Corrections ("IDOC"), and Defendant Steven Campbell, Graham's Warden, violated his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") by failing to provide a low bunk permit or a handrail or ladder on the top bunk to accommodate his disabilities.

## ANALYSIS

First, Plaintiff claims that Defendant Adesanya denied him a low bunk permit on September 16, 2022, even though Adesanya knew he suffered from medical conditions that made it difficult and unsafe to climb in and out of the top bunk. As a result, Plaintiff fell off his top bunk and was injured on October 14, 2022. It is well established that deliberate indifference to a serious

medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). Based on his allegations, the Court finds that Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendant Adesanya for denying him a low bunk permit on September 16, 2022.

In a conclusory fashion, Plaintiff alleges that Defendants Hildebrand, Langdon, and Howard denied him timely physical therapy after he fell from the top bunk. It is unclear how these Defendants were personally involved in his care or knew about his need for physical therapy. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (quotations omitted). "Section 1983 'does not allow actions against individuals merely for their supervisory role of others.'" *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (quoting *Zimmerman v. Tribble*,

3

226 F.3d 568, 574 (7th Cir. 2000)). In other words, Defendants Hildebrand, Langdon, and Howard cannot be liable based only on their supervisory positions. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Plaintiff's allegations are too sparse and insufficient to demonstrate that Defendants Hildebrand, Langdon, and Howard were personally involved in any constitutional deprivation. Therefore, they are dismissed without prejudice for failure to state a claim.

Plaintiff names Wexford as a Defendant but he does not claim that he was injured due to a policy or practice of Wexford. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978); *see also McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Wexford may not be held accountable merely for the actions of its employees. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendant Wexford is dismissed without prejudice for failure to state a claim.

Finally, Plaintiff claims Defendants Hughes and Campbell violated his rights under the ADA and RA because he was denied a low bunk permit and there are no handrails or ladders on his top bunk to accommodate his disability. "Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' The Act 'forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs and activities, which are the subjects of Title II; and (3) public and private lodging, which is covered by Title III.' It is now well-settled that prisons and correctional facilities are covered by Title II." *Phipps v. Sheriff of Cook Cnty.*, 681 F. Supp. 2d 899, 913 (N.D. Ill. 2009) (internal citations omitted).

To allege a violation of Title II, Plaintiff must sufficiently plead: "[1] that he is a 'qualified individual with a disability,' [2] that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and [3] that the denial or discrimination was 'by reason of' his disability." *Id*. at 913–14 (citing *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12131)).

It is unclear how Defendants Hughes and Campbell knew about the denial of a low bunk permit or his need for handrails or a ladder on the top bunk. It appears that Plaintiff is trying to hold Defendants Hughes and Campbell liable for his injuries based solely on their supervisory positions. Furthermore, a warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012). Defendants Hughes and Campbell are dismissed without prejudice for failure to state a claim.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally

5

consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff attached three letters from legal organizations and attorneys who declined to represent him. The Court finds that Plaintiff made a reasonable attempt to find an attorney. Regarding his competency, Plaintiff indicates that he completed some college classes. Thus far, his pleadings have been coherent and supported by accompanying exhibits. There is no indication that he has any physical or psychological condition that might impair his ability to litigate this case himself. The Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage in the litigation process. Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1.  Based on the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendant Timothy Adesanya for denying him a low bunk permit on September 16, 2022. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2.  Defendants LaToya Hughes, Steven Campbell, Wexford Health Source, Inc., Amanda Hildebrand, Diana Langdon, and Stephanie Howard are DISMISSED WITHOUT

PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE these Defendants.

3. Plaintiff's Motion to Request Counsel [5] is DENIED.

4. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. Plaintiff shall be provided a copy of all pertinent medical records upon request.

12. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The

Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      13.     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 1/28/2025

                                                     s/ James E. Shadid
                                                     James E. Shadid
                                                     United States District Judge